IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 18-cv-00437-REB

DEVIN ROSS GONZALES,

    Plaintiff,

v.

NANCY BERRYHILL, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security,[1]

    Defendant.

## ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION

**Blackburn, J.**

The matter before me is **Defendant's Motion To Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6)** [#11],[1] filed May 22, 2018. Plaintiff has submitted a response to the motion ([#12], filed June 4, 2018), and the Deputy Commissioner has filed a reply ([#15], filed June 29, 2018). Having reviewed the motion, response, and reply and having considered the apposite arguments and authorities, I find and conclude that plaintiff failed to file his appeal in the time and manner prescribed by law, and therefore his claims must be dismissed as barred by limitations.

The law is clear: "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." ***Federal Deposit Insurance Corp. v. Meyer***, 510 U.S. 471, 475, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994). Where the

---

[1] "[#11]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

government has consented to be sued, the terms of its consent define the boundaries of the court's jurisdiction. ***Id.***, 114 S.Ct. at 1000. ***See also United States v. Mitchell***, 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

As applied in this context, that proscription means that any suit seeking review of a final decision of the Deputy Commissioner must be commenced within sixty days after the receipt of notice of the right to appeal. ***See*** 42 U.S.C. §§ 405(g) & 405(h). Although this bar operates as a statute of limitations rather than a jurisdictional bar, because it is a condition on the government's waiver of sovereign immunity, it nevertheless must be strictly construed. ***Bowen v. City of New York***, 476 U.S. 467, 478-79, 106 S.Ct. 2022, 2029-30, 90 L.Ed.2d 462 (1986); ***Gossett v. Barnhart***, 139 Fed. Appx. 24, 25 n.1 (10th Cir. May 19, 2005), ***cert. denied***, 126 S.Ct. 453 (2005); ***Miles v. Colvin***, 2014 WL 2533814 at *1 (W.D. Okla. June 5, 2014).

On August 1, 2017, an Administrative Law Judge ("ALJ") issued a decision denying plaintiff's application for disability insurance benefits under Title II of the Social Security Act. (**Def. Motion App.**, Podraza Decl. ¶ (3)(a) at 3 & Exh. 1.) Plaintiff requested review of this decision by the Appeals Council. On November 22, 2017, the Appeals Council mailed notice to plaintiff of its denial of his request for review and advised him of his right to commence a civil action "in the United States District Court for the judicial district in which you live" within 60 days of receipt of the notice. (***Id.***, Cousins Decl. ¶ (3)(b) at 3 & Exh. 6.) Plaintiff maintains he did not receive the notice of

denial until December 5, 2017, nearly two weeks past the date it was mailed, based on the receipt stamp his counsel affixed to the notice. For purposes of this motion only, the Deputy Commissioner has agreed to assume the 60-day deadline runs from this later date. **Cf.** 20 C.F.R. § 404.901 (presumption that notice received five days after mailing). **See also Gossett**, 139 Fed. Appx. at 26. Accordingly, the deadline for filing the instant action was February 5, 2018.[2] Because this action was not commenced until February 21, 2018, plaintiff's appeal is untimely.

Nevertheless, the court retains discretion to equitably toll the statute of limitations in appropriate circumstances. **See United States v. Clymore**, 245 F.3d 1195, 1198 (10th Cir. 2001). Plaintiff claims to be entitled to equitable tolling because his counsel filed a motion for extension of time to file an appeal with the Appeals Council within the deadline, which was not ultimately denied until April 21. (**Def. Motion App.**, Podraza Decl. ¶ (3)(b) at 3 & Exhs. 3 & 4.) On the facts of this case, however, this circumstance provides no justifiable ground for tolling limitations.

"Federal courts have typically extended equitable relief only sparingly." **Irwin v. Department of Veterans Affairs**, 498 U.S. 89, 96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." **Holland v. Florida**, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (citation and internal quotation marks omitted). The second prong of this test requires plaintiff to show the circumstances that

---

[2] Because the 60th day (February 3) fell on a Saturday, the appeal was not due to be filed until the next business day, i.e., February 5.

caused the delay were "both extraordinary *and* beyond his control." ***Menominee Indian Tribe of Wisconsin v. United States***, – U.S. –, 136 S.Ct. 750, 756, 193 L.Ed.2d 652 (2016) (emphasis in original). Equitable tolling is not appropriate unless both these elements are satisfied. ***Id.***

Plaintiff has failed to meet his burden of proof as to either of these prongs of the apposite test. Although the extension plaintiff requested from the Appeals Council sought until February 19 in which to file this appeal (**See Def. Motion App.**, Podraza Decl., Exh. 3), he inexplicably waited until February 21 to submit his complaint. Thus even if his extension had been granted, his appeal was untimely.[3] Moreover, counsel for plaintiff presents neither argument nor evidence to suggest he contacted the Appeals Council or otherwise tried to apprise himself of the status of his request for extension at any time prior to the expiration of his own self-imposed deadline.[4] Such

---

[3] That the delay was late by but a single day (February 19 being a federal holiday) is irrelevant:

> The notion that a filing deadline can be complied with by filing sometime after the deadline falls due is, to say the least, a surprising notion, and it is a notion without limiting principle. If 1-day late filings are acceptable, 10-day late filings might be equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline. Filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced.

***United States v. Locke***, 471 U.S. 84, 100-01, 105 S.Ct. 1785, 1796, 85 L.Ed.2d 64 (1985). **See also** ***Lookingbill v. Cockrell***, 293 F.3d 256, 264-65 (5th Cir. 2002) (while "[a]t the margins, all statutes of limitations and filing deadlines appear arbitrary," adjusting deadlines on an *ad hoc* basis "reduce[s] predictability and would prevent us from treating the similarly situated equally"), ***cert. denied***, 123 S.Ct. 878 (2003).

[4] Counsel for plaintiff claims he had a reasonable expectation that the extension would be granted based on his own past experience. However, in the absence of evidence that the Deputy Commissioner actively deceived or misled counsel as to its intention to grant or deny his request, counsel's hope, reasonable or not, is irrelevant. **See *Irwin***, 111 S.Ct. at 458; ***United States v. Clymore***, 245 F.3d 1195, 1199 (10th Cir. 2001).

circumstances do not evidence a party diligently pursuing his rights.

Moreover, and regardless of plaintiff's diligence, *vel non*, he has not shown some extraordinary circumstance beyond his control prevented the timely filing of this appeal. In his motion to the Appeals Council, counsel for plaintiff represented he required an extension of time because, "[i]n addition to the holidays, the undersigned counsel has been scheduled to appear in approximately 90 hearings in a number of cities." (**Def. Motion App.**, Podraza Decl., Exh. 3.) These circumstances, while perhaps understandable, are not in the least extraordinary.[5] **Lookingbill v. Cockrell**, 293 F.3d 256, 264 (5th Cir. 2002) ("[A]s the district court pointed out, 'operating under time constraints on federal cases [is] not unusual.' Thus, we decline to apply equitable tolling just because a lawyer is busy."), **cert. denied**, 123 S.Ct. 878 (2003); **Falls v. Novartis Pharmaceuticals Corp.**, 2014 WL 3810246 at *4 (D. Conn. Aug. 1, 2014) ("'[T]he ability of Plaintiff's counsel to manage his caseload is not a sufficient reason to disregard the Federal Rules of Civil Procedure.'") (quoting **McGuinnes v. Novartis Pharmaceuticals Corp.**, 289 F.R.D. 360, 363 (M.D. Fla. 2013)); **Bower v. Walsh**, 703 F.Supp.2d 204, 220 (E.D.N.Y. 2010) ("[T]he statute of limitations cannot be individually tailored to an attorney's workload in a given case through the doctrine of equitable tolling."); **Middleton v. Gould**, 952 F.Supp. 435, 440 (S.D. Tex. 1996) (an "unusually hectic work schedule did not excuse" plaintiff, an attorney, from checking his mail for

---

[5] For this same reason, I reject plaintiff's suggestion that the Appeals Council's denial of his motion for extension of time to appeal was arbitrary and capricious. The regulations require a movant to demonstrate good cause for the requested extension. 20 C.F.R. § 404.982. Nothing in the regulatory definition of "good cause" suggests a heavy workload satisfies the standard. *See* 20 C.F.R. § 404.911(b) (listing circumstances which may constitute good cause, including serious illness of the claimant or someone in his immediate family, accidental destruction of important records, provision of incorrect or incomplete information by the agency, or other similar "[u]nusual or unavoidable circumstances").

notice of final agency decision). Most, if not all, attorneys have busy schedules. Were an attorney's heavy caseload found to justify equitable tolling, the limitation would be rendered essentially meaningless.

I thus find and conclude it would be inappropriate to exercise my discretion to equitably toll limitations in this instance. Dismissal thus is required.

**THEREFORE IT IS ORDERED** as follows:

1. That **Defendant's Motion To Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6)** [#11], filed May 22, 2018, is granted; and

2. That this appeal is dismissed for lack of jurisdiction.

Dated July 12, 2018, at Denver, Colorado.

                                  **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge